UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRACY GESNER** | **CASE NO. 2:22-CV-02723** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 12] filed by defendant State Farm Fire & Casualty Company, seeking to exclude evidence or testimony regarding plaintiff's entitlement to coverage under the policy's Option OL – Building Ordinance or Law provisions. Plaintiff opposes the motion. Doc. 21.

### I.
### BACKGROUND

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to plaintiff's property in DeQuincy, Louisiana. At all relevant times the property was insured under a policy issued by State Farm. Plaintiff alleges that State Farm failed to timely or adequately compensate him for covered losses. He therefore filed suit in this court on August 15, 2022, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

The matter is set for jury trial before the undersigned on February 26, 2024. State Farm now brings this motion in limine, relating to the following policy provision:

Option OL – Building Ordinance or Law
. . . .

    2. **Damaged Portions of *Building Structure*.** When a ***building structure*** covered under **COVERAGE A – DWELLING** is damaged by a ***loss insured***, *we* will pay for the increased cost to repair or rebuild the physically damaged portion of the ***building structure*** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same ***loss insured*** and the requirement is in effect at the time the ***loss insured*** occurs.
    . . . .
    4. Building Ordinance or Law Coverage Limitations.
        a. ***We*** will not pay for any increased cost of construction under this coverage:
            (1) until the ***building structure*** is actually repaired or replaced at the same or another premises in the same general vicinity;
            (2) unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years; and
            . . . .
        b. ***We*** will not pay more under this coverage than the amount ***you*** actually spend:
            (1) for the increased cost to repair or rebuild the ***building structure*** at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and
            (2) to demolish and clear the site of the undamaged portions of the ***building structure*** caused by enforcement of building, zoning, or land use ordinance or law.

Doc. 12, att. 2, pp. 56–57.

    Plaintiff claims that he is entitled to at least $28,370.00 for code upgrades under this coverage. In his deposition, however, he was unable to identify what code upgrades were completed at his home. Doc. 12, att. 3, pp. 42–43. State Farm maintains that plaintiff has provided no evidence "that any alleged repairs to his home were required due to the enforcement of a building, zoning or land use ordinance or law." Doc. 12, att. 1, p. 4. Accordingly, it moves to exclude any evidence or testimony of plaintiff's entitlement to this coverage at trial. In response plaintiff presents evidence of certain costs claimed under the Ordinance or Law coverage, namely a new foundation for the residence, and contends

that State Farm is improperly attempting to bring a dispositive motion on this coverage issue after the deadline for same has lapsed under the court's scheduling order. Doc. 21.

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.* Louisiana law places the burden of proving coverage on the insured while the insurer bears the burden of proving the applicability of any exclusions. *Jones v. Estate of Santiago*, 870 So.2d 1002, 1010 (La. 2004).

In response plaintiff contends that he had to build a new foundation because of code restrictions.[1] He has not pointed to a particular code provision and his engineer's testimony

---

[1] Plaintiff also contends that he had to replace kitchen cabinets for this reason, but as State Farm points out, it has already covered this cost.

does not provide a direct answer to the question.[2] Doc. 21, att. 2, p. 4. It will be plaintiff's burden at trial to prove the existence of this coverage and the jury's decision as to whether he has done so. Nevertheless, State Farm fails to show that the coverage issue is so wholly irrelevant as to require exclusion. Had it wished to do so, it should have filed a dispositive motion. Accordingly, the motion in limine will be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 12] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 8th day of February, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] Specifically, plaintiff's counsel asked plaintiff's engineering expert if there were "any code problems" with rebuilding on the foundation and Mr. Norman responded, "You couldn't do it. You couldn't put your columns in your chain wall. You couldn't do that." *Id.*