UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRACY GESNER** | **CASE NO. 2:22-CV-02723** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion in Limine [doc. 14] filed by defendant State Farm Fire & Casualty Company, seeking to exclude evidence or testimony regarding plaintiff's entitlement to additional personal property losses sought to be covered under the policy's Coverage "B." Plaintiff opposes the motion. Doc. 25.

**I.**
**BACKGROUND**

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to plaintiff's property in DeQuincy, Louisiana. At all relevant times the property was insured under a policy issued by State Farm. Plaintiff alleges that State Farm failed to timely or adequately compensate him for covered losses. He therefore filed suit in this court on August 15, 2022, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

The matter is set for jury trial before the undersigned on July 22, 2024. State Farm now brings this motion in limine relating to the policy's Coverage "B," Personal Property. In his deposition plaintiff agreed that he had already been paid roughly $43,783.13 towards

this coverage. Doc. 14, att. 3, pp. 19–20. Plaintiff also acknowledged that he had submitted a contents list claiming an additional $23,620 in contents coverage, attached as an exhibit to his deposition. *Id.* at 35–36. The list includes kitchen items, clothing, and linens, and plaintiff acknowledged it was not submitted to State Farm before suit was filed. *Id.* at 36–37. Accordingly, State Farm maintains that no coverage is owed because the plaintiff failed to comply with the following policy provision:

> 2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
> . . . .
>    b. protect the property from further damage or loss and also:
>       (1) make reasonable and necessary temporary repairs required to protect the property; and
>       (2) keep an accurate record of repair expenses.
>    c. prepare an inventory of damaged or stolen personal property:
>       (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
>       (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
>    d. as often as *we* reasonably require:
>       (1) exhibit the damaged property;
>       (2) provide *us* with any requested records and documents and allow *us* to make copies;
> . . . .
>    e. submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:
>       (1) the time and cause of loss[.]

Doc. 14, att. 4, p. 48. Plaintiff opposes the motion, arguing that State Farm is not prejudiced by the late submission and that State Farm caused the delay by misinforming him as to his coverage for personal property and taking several months to adjust his original claim under that coverage. Doc. 25. Additionally, plaintiff contends that State Farm is improperly attempting a dispositive motion on the issue after the deadline has passed. *Id.*

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

B. **Application**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy[.]" *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 65 (5th Cir. 2009) (citing *Lee v. United Fire & Casualty Co.,* 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.,* 46 So.2d 286 (La. 1949)). Accordingly, an insured's failure to cooperate with the insurer and to fulfill his obligations under the policy may be asserted as a material breach and a defense to suit. *Spindel v. Bankers Spec. Ins. Co.*, 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010). Louisiana courts have also emphasized, however, that

> a cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability. It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.

*Jackson v. State Farm Fire & Cas. Co.*, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010). Instead, dismissal on these grounds is "a draconian remedy" and is appropriate only where the insurer can establish actual prejudice. *Kerr v. State Farm Fire & Cas. Co.*, 934 F.Supp.2d 853, 857–58 (M.D. La. 2012) (internal quotations omitted); *accord Illinois Union Ins. Co. v. La. Health Serv. and Indem. Co.*, 257 F.Supp.3d 763, 797 (E.D. La. 2017).

State Farm contends that the second contents list lacks sufficient detail for it to properly adjust the claim. It fails to show that it requested additional information from plaintiff, however, or that plaintiff refused to provide it. Additionally, plaintiff has provided an affidavit in which he states that State Farm representatives discouraged him from claiming additional contents by telling him that his contents from the original list would not be covered. Doc. 25, att. 4. State Farm may ultimately avoid contractual liability if plaintiff cannot show that these contents were damaged, or bad faith liability if the list is not judged as sufficient proof of loss. It has not presented enough, however, to take the matter from the jury's hands. Additionally, had it wished for a dispositive ruling on this issue it ought to have filed this motion within the court's deadlines.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 14] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of February, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE