UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TRACY GESNER**                                  **CASE NO. 2:22-CV-02723**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**                 **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM ORDER**

Before the court is a Motion in Limine [doc. 18] filed by defendant State Farm Fire & Casualty Company, seeking to exclude evidence or testimony regarding plaintiff's entitlement to coverage under the policy's Debris Removal provisions. Plaintiff opposes the motion. Doc. 28.

**I.**
**BACKGROUND**

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to plaintiff's property in DeQuincy, Louisiana. At all relevant times the property was insured under a policy issued by State Farm. Plaintiff alleges that State Farm failed to timely or adequately compensate him for covered losses. He therefore filed suit in this court on August 15, 2022, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

The matter is set for jury trial before the undersigned on July 22, 2024. State Farm asserts that it has paid $7,519.00 toward debris removal, well over policy limits. Doc. 18, att. 1, pp. 1–2. Nonetheless, plaintiff maintains he is entitled to over $10,000 in additional

debris removal coverage for landscaping damage and has submitted an invoice including $8,450.00 for removal of pine trees. Doc. 18, att. 4, p. 8. Accordingly, State Farm brings this motion in limine seeking exclusion of any evidence or testimony regarding plaintiff's entitlement to additional debris removal coverage. Doc. 18. Plaintiff opposes the motion, pointing to demolition expenses of $10,047.76 and debris removal of $9,433.20 on State Farm's Xactimate report to support his position that additional coverage is owed. *See* doc. 28, att. 2. He also submits an invoice, claiming expenses under this coverage for the house demolition, removal of debris from the pond, and removal of the pine trees described above. Doc. 28, att. 1.

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some

hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.* Under Louisiana law, the insured bears the burden of proving that a policy affords coverage for an incident

while the insurer bears the burden of proving the applicability of any exclusions. *Jones v. Estate of Santiago*, 870 So.2d 1002, 1010 (La. 2004).

The policy provides, in relevant part:

> **Debris Removal.** We will pay the reasonable expenses you incur in the removal of debris of covered property damaged by a loss insured. This expense is included in the limit applying to the damaged property. This additional amount of insurance does not apply to **SECTION I – ADDITIONAL COVERAGES, Trees, Shrubs, and Landscaping**.

Doc. 18, att. 3, p. 28. When the amount payable for property damage plus debris removal exceeds the coverage limit, State Farm will pay an extra 5 percent of the applicable limit for debris removal. *Id.* The same section provides for up to $1,000 for each loss to cover debris removal for trees (1) that cause a loss insured to Coverage A property, or (2) that are felled by windstorm, hail, or weight of snow or ice blocks, and block access to the insured premises through a driveway or wheelchair ramp. *Id.* at 28–29. Finally, the "Trees, Shrubs, and Landscaping" additional coverage provides for replacement of landscaping, including debris removal, at 5 percent of the Coverage A limits. *Id.* at 29. Coverage under this section, however, is limited to "accidental direct physical loss . . . caused by the following perils: Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles (not owned or operated by a resident of the residence premises); Vandalism or malicious mischief, or Theft." *Id.*

State Farm represents, and plaintiff does not contest, that it has paid policy limits under Coverage A. Accordingly, only the Additional Coverage is at issue here. State Farm maintains that it has paid all debris removal costs, with the exception of the trees, which are excluded by the policy language above. The court agrees that plaintiff's claimed

demolition costs do not fall within debris removal coverage. The State Farm estimate attached by plaintiff shows that State Farm covered his other costs, namely removal of garage doors and porch roof from pond, at the amounts listed on that invoice. Accordingly, plaintiff fails to show that any remaining coverage is owed for debris removal. **State Farm is warned, however, that this motion should have been brought within the court's dispositive motion deadline and the court will not tolerate any further end-runs around that deadline from counsel in future cases.**

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 18] be **GRANTED** and that all evidence and testimony relating to debris removal be excluded.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of February, 2024.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**